**Albert I. VELASQUEZ, et al.**

v.

**Lincoln D. FAURER, etc.**

**Civ. No. K–82–1780.**

United States District Court,
D. Maryland.

Aug. 29, 1983.

Irving Kator, Michael J. Kator, Washington, D.C. and Richard Swick, Bowie, Md., for plaintiffs.

J. Paul McGrath, Asst. Atty. Gen., Paul Blankenstein, Barbara Ward, Denise Cafaro, Attys., Dept. of Justice, Washington, D.C., J. Frederick Motz, U.S. Atty., and Glenda Gordon, Asst. U.S. Atty., Baltimore, Md., for defendant.

FRANK A. KAUFMAN, Chief Judge.

In the within Title VII case, plaintiff, an employee of the National Security Agency, an arm of the federal government, alleges discrimination against him, on grounds of national origin and race, by defendant, director of that said Agency.[1]

Plaintiff seeks class certification and his designation as class representative of a class composed of all Hispanic Americans who have been denied employment or promotion by defendant. Defendant objects to plaintiff being designated as a class representative on the ground that defendant is not an appropriate representative for a class composed of those who complain in connection with denial of employment. By agreement of the parties, all discovery with regard to merit issues has been held in abeyance pending determination of the class certification issue. Discovery, however, is proceeding with regard to that latter issue. In the course of such dis-

---

**1.** Originally, there were four plaintiffs. One of whom, plaintiff Velasquez, is the sole remaining plaintiff. The other three plaintiffs were two individuals, who applied for but were denied employment by the said agency, and a nonprofit Maryland corporation concerned with government employment for Hispanic Americans. None of those three other plaintiffs ever filed any administrative complaint of discrimination with the said Agency or with the Equal Employment Opportunities Commission as required by 42 U.S.C. § 2000e–16. Accordingly, the motion of the defendant for partial summary judgment with regard to the said three other plaintiffs has previously been granted.

covery, plaintiff, by way of interrogatories and requests for production of documents, seeks, *inter alia,* information regarding the numbers and comparative percentages of whites and Hispanics who applied for or who were considered for hiring or promotion by defendant as well as information concerning those who were evaluated, hired and/or promoted by the aforementioned Agency.[2]

Relying upon *General Telephone Company of the Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), defendant has objected to those interrogatories and requests for production of documents. In response thereto, plaintiff has filed a motion to compel.

Defendant argues that a theory of adverse impact is "simply too tenuous a similarity to enshroud the claims of applicants and employees alike in the cloak of typicality" in view of the Supreme Court's recent holding in *Falcon.* Defendant's memorandum in opposition to plaintiff's motion to compel discovery, filed July 8, 1983, at page 2.

In *Falcon,* plaintiff claimed that his employer did not promote him because of his national origin, and sought to represent a class composed of Mexican-Americans who were, had been, or might have been, employed by defendant. The district court, without conducting an evidentiary hearing, had certified a class including, *inter alia,* unsuccessful applicants for employment by defendant. Ultimately, the district court found no discrimination in promotion practices, but concluded that defendant had discriminated in hiring. "The question presented [to the Supreme Court was] whether respondent *Falcon,* who complained that petitioner did not promote him because he was a Mexican-American, was

properly permitted to maintain a class action on behalf of Mexican-American applicants for employment whom petitioner did not hire." *Id.* at 149, 102 S.Ct. at 2366. The answer of the Supreme Court in *Falcon,* to that question was "No—that is, not on the record as presented." Writing for himself and seven other members of the Supreme Court, Justice Stevens, in reversing the affirmance by the Fifth Circuit of a class certification order of the district court, and in the course of remanding the case for further proceedings, rejected the view that the interests and injuries involved in plaintiff's claims therein of discrimination in hiring were necessarily typical of those involved in non-promotion. In so doing, Justice Stevens wrote:

> Even though evidence that [Falcon] was passed over for promotion when several less deserving whites were advanced may support the conclusion that [Falcon] was denied the promotion because of his national origin, such evidence would not necessarily justify the additional inferences (1) that this discriminatory treatment is typical of petitioner's promotion practices, (2) that petitioner's promotion practices are motivated by a policy of ethnic discrimination that pervades [the division in which respondent was employed], or (3) that this policy of ethnic discrimination is reflected in petitioner's other employment practices, such as hiring, in the same way it is manifested in the promotion practices. These additional inferences demonstrate the tenuous character of any presumption that the class claims are "fairly encompassed" within respondent's claim.

*Id.* at 158, 102 S.Ct. at 2371.

*Falcon* does not foreclose all possibility that in the within case, plaintiff Velasquez will be able to establish that he is a proper

---

**2.** Plaintiff's interrogatories Nos. 2(c)–(h); plaintiff's request for production of documents Nos. 5–14, 17. Plaintiff also seeks information regarding the relative selection rates for whites and Hispanics under those procedures, *see* plaintiff's interrogatories Nos. 2(k)–(m); information regarding whether any such procedure has been found to have an adverse impact on Hispanics, *see* plaintiff's interrogatories No.

2(n); and information regarding the development and validation of the National Security Agency's hiring and promotion procedures pursuant to Uniform Guidelines for Employee Selection Procedures, 29 C.F.R. § 1607.15. *See* plaintiff's interrogatories Nos. 2(q)–(r). *See also* plaintiff's request for production of documents Nos. 29, 30.

class representative with regard to *both* hiring *and* promotion discrimination claims. *Falcon* does not speak to the type of evidence which a Court may consider in determining class certification. Rather, all *Falcon* stands for is the need for the trial court to engage in the most careful inquiry with regard to the facts justifying Rule 23(a) certification. Thus, in concluding, Justice Stevens wrote:

> [W]e reiterate today that a Title VII class action, like any other class action, may only be certified if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied.

*Id.* at 161, 102 S.Ct. at 2372.

The information sought by plaintiff may or may not ultimately cause this Court to certify the class plaintiff seeks, pursuant to the teachings of *Falcon*. But that is a determination to be made by this Court *after* appropriate discovery has been had. Accordingly, plaintiff's motion to compel is hereby granted.